## VAN ELTEN vs. HURST & CUSHNEY.

Defendants' excuse where he suffered an inquest by default; and the terms imposed upon allowing him to come in and defend.

*Motion to set aside inquest, and for new trial.*—Defendants' facts : Defendants swear to merits; issue was joined 30th August, 1842; inquest taken 11th September, 1844; they received no notice from their attorney, or from any other person, to prepare for trial, and had no knowledge the cause was noticed for trial. Being so long in court, defendants supposed it was dropped, and would not be further prosecuted. Defendants' attorney states cause was noticed for trial, April, 1844, by plaintiff's attorney, who afterwards countermanded the notice; he heard nothing more from it until he saw it on the calendar for September circuit, 1844; he did not recollect ever receiving any notice of trial for said September circuit; he told plaintiff's attorney so, who said he thought he had served notice of trial on defendant's attorney. After the inquest, defendants' attorney found a notice of trial with some chancery papers which were served at same time and filed away; said notice of trial being with said

chancery papers, escaped the notice of defendants' attorney. Defendants' attorney offered in a stipulation to plaintiff's attorney to pay costs of inquest, on having the same waived, and on giving defendants a trial therein. Plaintiff's facts : Inquest regularly taken on the 11th [27 September, 1844, in pursuance of a notice duly served.

D. Pratt, *Defts Atty.*                    W. Porter jr., *Plffs Atty.*

*Decision.*—Ordered that defendants have leave to come in and defend before referee, on payment of costs of circuit, inquest, and all subsequent proceedings, and costs of opposing motion. Judgment to stand, and plaintiff at liberty to issue execution as security.